MARK S. RENNER, SBN 121008
WYLIE, McBRIDE, PLATTEN & RENNER
2125 Canoas Garden Avenue Suite 120
San Jose, California 95125
Telephone:    408.979.2920
Facsimile:    408.979.2934
mrenner@wmprlaw.com

Attorneys for Plaintiff TRUSTEES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 393 PENSION FUND AND THE U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>COOL BREEZE REFRIGERATION INC.,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR MONIES DUE AND INJUNCTIVE RELIEF** |

1.  This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. Jurisdiction and venue are conferred on this Court by 29 U.S.C. §§ 185(a), 1132(a), (e) and (f).

2.  Plaintiff Trustees are ERISA fiduciaries of the U.A. Local 393 Pension Fund and the U.A. Local 393 Health and Welfare Trust Fund. The foregoing (hereinafter called "employee benefit plans") are "employee benefit plans" within the meaning of ERISA Section 3(3), as amended, 29 U.S.C. § 1002(3). The plans are administered in the County of Santa Clara, California. Venue is proper in this district under 29 U.S.C. § 1132 (e) (2).

3.  Plaintiffs are the assignees of the claims of the following entities (hereinafter called "funds") which are due monies according to a collective bargaining agreement: (1) Plumbing

Industry Non-Profit Corporation (for apprentice and journeyman training as provided by the collective bargaining agreement), (2) Contract Administration Fund (for contract administration expenses as provided by the collective bargaining agreement), (3) Labor Management Cooperation Trust (for industry promotion as provided by the collective bargaining agreement), (4) U.A. Local 393 Vacation Account Fund (for vacation contributions for the employees as provided by the collective bargaining agreement), and (5) U.A. Local 393 Job Protection Fund.

4. Defendant Cool Breeze Refrigeration Inc. is and was at all times relevant herein a Nevada corporation doing business in the State of California, and engaged in an industry affecting commerce. Said Defendant's principal place of business is located in the City of Reno, Nevada.

5. Defendant Cool Breeze Refrigeration Inc. entered into a collective bargaining agreement with U.A. Local 393, a labor organization representing employees in an industry affecting commerce. The collective bargaining agreement required that said Defendant timely submit contributions on a monthly basis to the "employee benefit plans" and the "funds" certain fixed amounts on behalf of all employees of Defendant who performed work covered by the collective bargaining agreement or for whom contributions were otherwise required.

6. The collective bargaining agreement further required that defendant became bound to the terms of the trust agreements governing the employee benefit plans described above. Both the collective bargaining agreement and such trust agreements further required that defendant submit to Plaintiffs monthly reports indicating the amount of covered work performed by defendant, and the resulting contributions that were due.

7. Beginning with the month of September 2015, Defendant submitted a monthly report but did not submit the amount owing for that month, nor for the following months. Said failure and refusal to submit the amounts owing violates the collective bargaining agreement to which it is a party, the Trust Agreements and provisions governing the "employee benefit plans" and the "funds," and the requirements of ERISA.

8. Pursuant to the collective bargaining agreement and the Trust Agreements referenced above, and pursuant to ERISA, there is now due and owing from Defendant to Plaintiffs, certain principal contributions, for the work months of September and October 2015 which Plaintiffs are

informed and believe amount to at least $24,232.00. In addition to said contributions Defendant now owes twenty percent (20%) of the principal amount due as liquidated damages, plus interest on the principal and liquidated damages at the rate of 10 percent (10%) per annum.

9.  Plaintiffs are informed and believe Defendant is likely to continue to amass further delinquencies after the filing of this suit. In that event, Defendant will owe additional amounts for those new months, plus the other associated liquidated damages and interest.

10. In addition to the amounts identified above, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) and pursuant to the terms of the collective bargaining agreement, Plaintiffs are further entitled to recover reasonable attorneys' fees and costs incurred herein.

11. A copy of this complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by 29 U.S.C. §1132(h).

**WHEREFORE**, Plaintiffs pray that this Court grant judgment in favor of Plaintiffs and against Defendant as follows:

1.  An award of damages that have accrued before the filing of this Complaint, and that may accrue subsequent to its filing, which is comprised of:

    A.  All fringe benefit contributions, and other amounts as described above that are contractually required;

    B.  Liquidated damages and interest on amounts dues as allowed by the collective bargaining agreement or by ERISA;

    C.  Any audit fees incurred by plaintiffs;

    D.  All of the costs of collection, including: (i) reasonable attorney's fees, and (ii) the costs of this action; and

2.  Award to Plaintiffs such other legal and equitable relief as the Court deems appropriate.

Dated: April 25, 2016            WYLIE, McBRIDE, PLATTEN & RENNER


By: _____/s/ Mark Renner_____
    MARK S. RENNER
    Attorneys for Plaintiff Trustees